United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                    Case No. 17-15934-elf
Gail Crawford                                                             Chapter 13
    Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2          User: ChrissyW          Page 1 of 1          Date Rcvd: Oct 18, 2018
                             Form ID: pdf900       Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 20, 2018.
db             +Gail Crawford,    6145 N. 6th Street,    Philadelphia, PA 19120-1320

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                          TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 20, 2018                                         Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 18, 2018 at the address(es) listed below:
      GEORGETTE    MILLER    on behalf of Debtor Gail  Crawford info@georgettemillerlaw.com,
       georgettemillerlaw@gmail.com;mlee@georgettemillerlaw.com;gmecfmail@gmail.com;cfink@georgettemille
       rlaw.com;smithcr50524@notify.bestcase.com;millergr50524@notify.bestcase.com;dmayberry@georgettemi
       llerlaw.com
      KEVIN G. MCDONALD    on behalf of Creditor   The Bank of New York Mellon Trust Company, N.A.,
       et.al. bkgroup@kmllawgroup.com
      LARA SHIPKOVITZ MARTIN    on behalf of Creditor   The Bank of New York Mellon Trust Company
       lmartin@bernsteinlaw.com
      REBECCA ANN SOLARZ    on behalf of Creditor   The Bank of New York Mellon Trust Company, N.A.,
       et.al. bkgroup@kmllawgroup.com
      United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
      WILLIAM C. MILLER, Esq.    on behalf of Trustee WILLIAM C. MILLER, Esq. ecfemails@ph13trustee.com,
       philaecf@gmail.com
      WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,   philaecf@gmail.com
      WILLIAM EDWARD CRAIG    on behalf of Creditor   Santander Consumer USA ecfmail@mortoncraig.com,
       mhazlett@mortoncraig.com;mortoncraigecf@gmail.com
                                                                                                                           TOTAL: 8

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                                           :        Chapter 13
    GAIL CRAWFORD,                    :
              Debtor            :
                               :        Bky. No.  17-15934 ELF

# O R D E R

AND NOW, WHEREAS:

A. The Debtor's counsel ("the Applicant") has filed an Application for Allowance of Compensation ("the Application").

B. The Application is being considered following the dismissal of this case, consistent with In re Lewis, 346 B.R. 89 (Bankr. E.D. Pa. 2006).

C. The Applicant requests that pre-confirmation plan payments held by the chapter 13 trustee be distributed to the Applicant.

D. The Applicant has certified that proper service has been made on all interested parties and that there has been no response filed.

E. The Debtor paid the Applicant $ 0  in compensation before the commencement of the case.

F. Reasonable and allowable compensation is equal to or exceeds the sum of the pre-petition retainer and the amount of money presently held by the chapter 13 trustee **(i.e., $2,323,44 )**.

It is therefore, **ORDERED** and **DETERMINED** that:

1. The Application is **GRANTED**.

2. Compensation is allowed in favor of the Applicant, but it is unnecessary for the court to determine that the requested compensation be allowed in a specific amount.

3. The Chapter 13 Trustee is authorized and directed to distribute to the Applicant as an administrative expense pursuant to 11 U.S.C. §1326(b), 11 U.S.C. §507, 11 U.S.C. §503(b) and 11 U.S.C. §330(a)(4)(B), all funds in his possession that are available for distribution to the Applicant.

**Date: October 18, 2018**

ERIC L. FRANK
U.S. BANKRUPTCY JUDGE